SETH STERLING vs. INHABITANTS OF CUMBERLAND COUNTY.

Cumberland.    Opinion January 29, 1898.

*Officer.    Fees.    Liquor Warrants.    R. S., c. 27, § 60.*

An officer whose fees are fixed by statute for the service of criminal process is not a creditor of the county, and has no right of action therefor.

The service of such person is in obedience to law, and there is no contract, express or implied, between him and the county.

It is the duty of the county commissioners to audit and allow such fees as are legal and order them paid from the county treasury. The law gives no appeal from their decision, and the officer cannot create one by suit to recover his claim.

*Held;* that the compensation of sheriffs, and deputies acting under their directions, especially charged with the enforcement of the liquor law under R. S., c. 27, § 60, is fixed by statute as follows, viz: a per diem of two dollars, travel six cents per mile and incidentals that are just and reasonable. There is no other fee or compensation for the service of a warrant, and therefore none can be allowed.

ON REPORT.

This was an action of debt brought by the plaintiff to recover from the defendant county the statutory fee of fifty cents for the service of each search warrant enumerated in the plaintiff's declaration. The plaintiff was a regularly appointed and duly commissioned deputy sheriff for the county of Cumberland. All of said warrants were legally issued, directed to the plaintiff and committed to him for service by the judge or recorder of the Municipal Court of the city of Portland, a court having jurisdiction in criminal cases in said county. The plaintiff seasonably made service of each of said warrants and of other similar warrants, and made immediate return thereof. Upon all warrants served the plaintiff returned memorandum of his fees, which in every case included fifty cents for the service of the warrant. Bills of cost were taxed by the court, including in each case fifty cents for service of the warrant, and duly certified as provided by statute. Upon all warrants served by the plaintiff where liquor was seized and the respondent arrested and in all appealed cases the fee for service of

warrants, fifty cents each, was allowed and paid. Upon all warrants served by the plaintiff where liquor was seized and no arrests made costs including fifty cents for the service of each warrant, were taxed by the recorder of said Municipal Court and certified to the county commissioners. In cases where no liquor was seized and no person arrested, costs were taxed on the original warrants and the warrants themselves presented to the commissioners by the recorder. The county commissioners examined and corrected the bills of cost, including the fees of the plaintiff, and refused to order to be paid out of the county treasury the fee of fifty cents for the service of each of the warrants named in the plaintiff's declaration, viz: 503 warrants by him served where liquor was seized and no person arrested, and 857 warrants served by him where no liquor was seized and no person arrested.

*Seth L. Larrabee*, for plaintiff.

The per diem compensation provided in R. S., c. 27, § 60, is given "for services under this section." The original statute (1872, ch. 62, § 2) says "under the provisions of this law." The service of precepts is not made the duty of sheriffs and their deputies by that law, or that section, but was made such by ch. 80, § 10, which had been the law of the state many years before the law of 1872 was enacted. The law of 1872 did not add anything to the duties of sheriffs and their deputies relating to the service of warrants, nor restrict nor modify their duties in that regard, nor in any way change or limit their right to the fee of fifty cents prescribed for the service of a warrant by the law of 1825. The law of 1872 imposed upon sheriffs and their deputies additional duties. It required them to "diligently and faithfully inquire into all violations of law" and to "institute proceedings against violations or supposed violations of law and particularly the laws against the sale of intoxicating liquors, etc." It is also expressly provided additional compensation for such additional duties, otherwise officers would have been required to contribute their time and labor in executing that law gratuitously.

The per diem compensation, the extent of which is placed at the discretion of the county commissioners, is for diligent and faithful

"inquiry into all violations of law" and the institution of proceedings against "violations or supposed violations of law." If it is to take the place of all compensation for executing warrants it must extend to the whole field of the criminal law.

Fees for service of warrants taxable under R. S., c. 116, § 5.

*Chas. A. True*, for defendants.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

HASKELL, J. Debt by a deputy sheriff to recover of the county fees for the service of liquor warrants disallowed by the county commissioners.

I. The action cannot be maintained. An officer whose fees are fixed by statute for the service of criminal process is not a creditor of the county, and has no right of action therefor. His fees are payable from the treasury only upon warrant of some judicial tribunal or auditing board empowered to audit and allow such fees and order them paid from the treasury. If every officer, state witness, or juror, could sue for and recover fees, regardless of control by the court, public business would be embarrassed and confusion might ensue that would be intolerable. The service of such person is in obedience to law, and there is no contract, express or implied, between him and the county. *Clark* v. *Clark*, 62 Maine, 255. In the case at bar the law required the plaintiff to return his fees to the Municipal Court of Portland, and as the case there ended, that court, not being authorized to draw warrants upon the county treasurer, could only certify them to the county commissioners, whose duty it was to audit and allow such as were legal and order them paid from the county treasury. The law gives no appeal from their decision, and the plaintiff cannot create one by suit to recover his claim. The most he could do would be to apply to the Supreme Judicial Court, that has supervisory jurisdiction over all inferior courts, for the correction of any erroneous action of the commissioners apart from the exercise of judgment and discretion.

II.   The plaintiff was a deputy of the sheriff, especially charged with the enforcement of the liquor law under the act of 1872, now § 60 of c. 27, R. S.   That statute charges such officers with diligent and faithful inquiries into violations of law, and directs them to institute proceedings by "promptly entering a complaint before a magistrate and executing the warrants thereon issued or by furnishing the county attorney promptly and without delay with the names of alleged offenders and of the witnesses."

The statute further provides: "For services under this section, sheriffs and their deputies acting under their directions shall receive the same per diem compensation as for attendance on the Supreme Judicial Court, and the same fees for travel as for the service of warrants in criminal cases, together with such incidental expenses as are just and proper, bills for which shall be audited by the county commissioners and paid from the county treasury."

Nothing can be plainer than that for all services under this statute the compensation fixed by it shall be in full satisfaction thereof.   Now what does the statute require?   1.   Diligent inquiry into all violations of law.   2.   The institution of proceedings against offenders by complaint to magistrates and the execution of process granted by them.   3.   Promptly informing county attorneys who offenders are and giving them the names of witnesses. For doing this, what shall be the compensation?   Two dollars a day and six cents a mile for travel and also incidental expenses that are just and proper, and the county commissioners are made the arbiters to determine the whole matter, and order payment from the treasury.   These are all the fees allowable for such services. The legislature considered them adequate, and when they are not can provide compensation that is.   All this plaintiff could tax is per diem two dollars, travel six cents a mile and incidentals that are just and reasonable.   There is no other fee or compensation for the service of a warrant, and therefore none can be allowed.   After receiving all the compensation above provided, the plaintiff sues to recover $680 for the service of warrants.   On 503 warrants liquor was seized and no person arrested.   On 857 warrants no liquor was

seized and no person arrested. These fees should not have been taxed and they were properly disallowed by the commissioners.

*Plaintiff nonsuit.*